Curia., per O’Neall, J.
It seems to me that in any point of view the plaintiffs were entitled to recover. The special count, (as it is called,) was nothing more than a statement of the facts, on proof of which the plaintiff would have been entitled to recover on the count for money had and received. The plaintiff’s case is, that Mrs. Clarke appointed the defendant her agent to prosecute some claims which she had to land in Georgia, and gave him her note as the means of procuring money by which he might employ counsel. The note he turned into money by selling it to Lawton. As soon as he did this, it became money in his hands belonging to Mrs. Clarke, and to be applied to her use in carrying on her suit in Georgia. When her husband revoked this power and demanded the money from the defendant, he was bound to pay it or account for the application of it. The whole error in the case arose from supposing that the plaintiffs were bound to prove that the defendant did not employ counsel. This it will be remembered was in discharge of the defendant, and the plaintiffs were therefore not bound to prove it. The plaintiffs right depended on the fact that the defendant had their money in his hands to be applied to a given purpose. If it was so applied the plaintiff’s right of action was discharged; otherwise it remained. This defence was exactly equivalent to payment to the plaintiffs, and it would never have entered into the mind of any one that the plaintiffs were bound to show that the money had not been paid.
The motion to set aside the nonsuit is granted.
Gantt, Evans, Earle, and Richardson, Justices, concurred.— Butler, J., absent on duty.